FILED
SUPERIOR COURT
OF GUAM

2013 AUG 29 AM II: 57

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

CHUNG SOOK KIM, ) Civil Case no. CV0710-11
          )
     Plaintiff, )
          )
  vs. ) **DECISION AND ORDER**
          )
MI HYE KIM, KI YOUNG KIM, MIN )
KYONG KIM, HEE SOON JEONG, )
BYUNG GON KIM, AND DOES I through )
IV, )
          )
     Defendants. )

This matter was taken under advisement by the Honorable Judge Michael J. Bordallo pursuant to rule 7.1(e)(6)(C), July 22, 2013, on Defendants', Mi Hye Kim, Ki Young Kim and Min Kyong Kim, (hereafter Movants) Motion to Dismiss Claims of Rescission and Fraud and Motion to Deny Demand for Arbitration. Movants were represented by attorney Phillip Torres. Defendants Hee Soon Jeong and Byung Gon Kim (hereafter Defendants Jeong) were represented by attorney Robert P. Kutz. Plaintiff was represented by attorney Carlos L. Taitano. Having received and reviewed the arguments, papers, and file herein, the Court now issues the following order DENYING in part Movants' requests to dismiss and deny.

## BACKGROUND

The instant matter arises out of a civil complaint filed by the Plaintiff on April 22, 2011. Plaintiff filed a first amended complaint for cancellation of instrument on May 6, 2011. On February 17, 2012, the Court entered an order dismissing Plaintiff's complaint and granting leave to amend a portion of her pleading. Plaintiff filed her Second Amended Complaint on March 9, 2012. In her pleading Plaintiff alleges counts of: breach of duty, fraud, aiding or abetting breach of duty, and constructive trust. On April 9, 2013 Defendants Jeong filed a

pleading entitled, Answer to Complaint; Counterclaim as to Plaintiff; Cross-claim as to Defendants' Mi Hye Kim, Ki Young Kim, Min Kyong Kim; Demand for Arbitration. In their counter-claim and cross-claim Defendants Jeong allege four causes of action and a section Demand for Arbitration. The causes of action alleged in Defendants Jeong's pleading are: quiet title, breach of warranty, recission, and fraud.

Movant on May 3, 2013, pursuant to Rule 12(b)(6), filed a motion to dismiss Defendants Jeong's count for recission and fraud and to deny demand for arbitration. As to Defendants Jeong's Recission Count, Movants argue and assert that Defendants Jeong's pleading fails to assert facts in compliance with 18 GCA § 89201; Guam's statue outlining the circumstances when a contract may be rescinded. In support of this argument Movants assert that the pleading does not contain facts to show it was timely raised and that it does not allege sufficient facts to support a lack of consideration. Additionally they argue that Defendants Jeong's pleading fails to allege facts specific to the identity and scienter elements of fraud, and that their demand for arbitration must fail under the application of the doctrine of deed merger.

On June 3, 2013, three days after the 28-day deadline required by Rule 7.1 of the Local Rules of the Superior Court of Guam,[1] Defendants' Jeong filed their opposition to the motion to dismiss. In it they argue that under a 12(b)(6) analysis, their pleading charges are sufficient. In support of their claim for rescission they argue that their allegation that Movants failed to provide clear title is sufficient to satisfy the consideration element of 14 GCA § 89202. Similarly they argue that they did not receive actual notice of a remaining claim of ownership until January 2013 and are therefore timely seeking rescission under the same statute. For their arbitration demand Defendants Jeong argue that the merger doctrine does not apply

because the agreement contained collateral terms not included in the transfer deed.

Movant filed their reply on Jun 17, 2013, three days after the 42-day time allowed by Rule 7.1 of the Local Rules of the Superior Court of Guam.[2] In it Movants argue that Defendants Jeong was unresponsive and reassert their original arguments. Plaintiff filed a paper of non-opposition to Movant's motion on July 1, 2013.

## DISCUSSION

Movants have requested that pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure, that the Court dismiss Defendants Jeong's Recission and Fraud Causes of Action and deny their demand for Arbitration. Rule 12(b)(6) provides that,

> every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . . (6) failure to state a claim upon which relief can be granted.

Guam R.Civ. P. 12(b)(6). Under Rule 12(b)(6), the facts in the complaint are presumed to be true, and the complaint is liberally construed in favor of the Plaintiff. *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶ 9.

Generally, a motion to dismiss under Rule 12(b)(6) should be disfavored and doubts should be resolved in favor of the pleader, unless no set of facts could support the claims as plead. *Id.* A Rule 12(b)(6) motion tests only whether the claim has been adequately stated in the complaint, and the purpose of the motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984).

---

[1] After this order absent a stipulation enlarging the time for filing or having permission granted by this Court, late filings of papers in opposition and reply shall not be considered by this Court.
[2] *Id.*

Should the complaint fail to state a claim under Rule 12(b)(6), as with a Rule 12(b)(1) motion, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir.1999). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Taitano v. Calvo Finance Corp.*, 2009 Guam 9 ¶ 6. A pleader's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.*

**Count III Rescission**

In this case Count Three of Defendants Jeong's pleading asserts a cause of action for rescission. In Guam rescission for the obligation of a contract is regulated by Article 2 of Chapter 89 of Title 18 of the Guam Code. Article 2 is entitled Rescission and it contains four Sections: 89201, 89202, 89203 and 89204. Section 89202 provides,

> A party to a contract may rescind the same in the following cases only:
> 1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party;
> 2. If, through the fault of the party as to whom he rescinds, the consideration of his obligation fails, in whole or in part;
> 3. If such consideration becomes entirely void from any cause;
> 4. If such consideration, before it is rendered to him, fails in a material respect, from any cause; or,
> 5. By consent of all other parties.

18 GCA § 89202. A rescission that is not consensual must comply with the requirements of Section 89204. This Section mandates that,

> [r]escission, when not effected by consent, can be accomplished only by the use,

on the part of the party rescinding, of reasonable diligence to comply with the following rules:
1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,
2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.

*Id.* at 89204. Movant assert that Defendants Jeong's pleading does not allege facts to support the lack of consideration element of rescission because they do not dispute the receipt of a warranty deed. Mot. at 2-3. The Court is not persuaded by this argument. Defendants Jeong's pleading allege that the consideration was not adequate because the title to the property was clouded and that Movant caused them to believe otherwise. Cross-cl. at 3-5. Under the appropriate standard these facts are sufficient. Guam R. Civ. P. 12(b)(6).

Movants also assert that rescission fails because there are no facts in the pleading to support the prompt requirement in Section 98204. 18 GCA § 98204. Defendants Jeong's pleading indicates that they were not made aware of the alleged fraudulent actions of Movant upon Plaintiff until Plaintiff's suit was brought. Cross-cl. at 4-5 and Opp. at 2. They also argue that record reflects that because they were not properly served they did not receive actual notice until January 2013. *Id.* These assertions are not sufficiently disputed by Movant. In light of the litigation history of this case and the assertions of Defendants' Jeong the Court finds that Defendant Jeong's pleading meets the prompt requirement of Section 98204. Guam R. Civ. P. 12(b)(6). GCA § 98204.

**Count IV**

Rule 9(b) of the Guam Rules of Civil Procedure regulates causes of action for fraud. Guam R. Civ. P. 9(b). It provides, "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." *Id.* Interpreting this Rule, the Guam Supreme Court in 2008 explained that, "allegations of fraud must be specific enough to give defendants notice of the particular [fraudulent] misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 12 (citation omitted). It also explained that, "plaintiff need not prove his claim of fraud at the pleadings stage. Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged. *Id.* at 16. Part of this specificity requires identifying who, what, where and when. *Id.*

The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9. In this case Movants challenge the pleading sufficiency of Defendants Jeong's scienter element. Mot. at 3-4. The Court is not persuaded by Movant's argument. Defendants Jeong's pleading asserts the specific representations of Defendant Mi Hye Kim and asserts that they were false. Under the appropriate standard this is sufficient. *Taitano*, 2008 Guam 12 ¶ 14 (citation omitted)(the Federal Rules of Civil Procedure makes a legally sufficient pleading of fraud in only one sentence: 'On date, defendant name conveyed all defendant's real and personal property if less than all, describe it fully to defendant name for the purpose of defrauding the plaintiff and hindering or delaying the collection of the debt').

Movants also argue that Defendants Jeong's pleading fails to specifically identify who, in addition to Defendant Mi Hye Kim, committed the alleged fraud. In support of this

argument they cite to portions paragraphs 36 and 37 of Defendants Jeong's pleading which include the phrases "or other persons" and "and related persons." In response to this argument Defendant Jeong clarifies that the phrase "or other persons" is meant to refer to persons not yet identified but whose identity might be obtained through discovery and that "and related persons" refers to people who are related by blood or marriage to Defendant Mi Hye Kim.

Reviewing the *Taitano* Court's and the Federal Rules Appendix explanation and of the specificity requirement of Rule 9(b) the Court is not persuaded that Defendants Jeong's pleading satisfies the identity requirement of the rule. General references to possible groups of people related or otherwise are not sufficient. *Taitano*, 2008 Guam 12 ¶ 12 (citation omitted). While the pleading specifically identifies Defendant Mi Hye Kim absent further specifying the names of the other persons the general language must be amended or stricken. *Id.*

**Arbitration Demand**

Movants' request that the Court enter an order denying the portion of Defendants Jeong's pleading entitled Demand for Arbitration. Mot. at 5. They argue that their request is allowed by Rule 12(b)(6) of the Guam Rules of Civil Procedure. The Court is not persuaded that this request is properly before it.

Rule 12(b)(6) allows a party to challenge whether another party's pleadings have adequately asserted claims for which relief can be granted. Guam R. Civ. P. 16(b)(6). Rule 12(b)(6) "tests only whether the claim has been adequately stated in the complaint, and the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint. . . ." *Ryder Energy Distribution Corp.*, at 779. If a Court finds that a party has failed to adequately assert their claims those claims may be dismissed with or without prejudice or amendment allowed. Guam R. Civ. P. 12(b)(6).

Here, Movants request relief that falls outside of that allowed by Rule 12(b)(6). Absent Movant identifying a rule allowing for the relief requested and analyzing its request under the proper standard, the Court is unable to grant their request. *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (Sup. Ct. Guam 2008)(It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims).

## CONCLUSION

For the reasons set forth above Movant's requests to dismiss is DENIED in part. The Court finds that Count III has been sufficiently pled and Count IV as to Defendant Mi Hye Kim has also been sufficiently plead. As to Plaintiff Chung Sook Kim and Defendants Ki Yong Kim, and Min Kyong Kim, Count IV of Defendants Jeong's Counter-Claim and Cross-Claim is dismissed without prejudice. Defendants Jeong shall be allowed 30 days from the entry of this order to file an amended pleading in conformance with the decision above.

SO ORDERED, this 29th day of Aug 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam